ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **PABLO ESTEVES GONZÁLEZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrida | KLRA202300557 | **REVISIÓN**<br>procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>**B-956-23** |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Pablo Esteves González (Esteves González o recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (DCR o parte recurrida) en la Institución 501 de Bayamón, comparece por derecho propio y solicita la revisión de la *Respuesta de Reconsideración al Miembro de la Población Correccional* emitida el 26 de septiembre de 2023 por el DCR, notificada el 3 de octubre de 2023. Mediante la misma, la agencia afirmó que se le aplicó a la hoja de liquidación de sentencia de Esteves González la Ley Núm. 85-2022, por lo que denegó la solicitud de un nuevo cómputo.

Por las razones que expondremos a continuación, se revoca la determinación recurrida.

I.

Según surge del escueto expediente ante nuestra consideración, el 5 de junio de 2023, Esteves González instó una *Solicitud de Remedio Administrativo* (B-956-23) ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, en la cual solicitó que se le aplicaran las

Número Identificador
SEN2023 _____

disposiciones de la Ley Núm. 85-2022 a su hoja de liquidación de sentencia. El 4 de agosto de 2023, el DCR respondió la referida solicitud y emitió una *Hoja de Control sobre Liquidación de Sentencias*. En esta se le notificó a Esteves González que cumpliría el mínimo de su sentencia el 7 de septiembre de 2032 y el máximo el 7 de julio de 2148.

Inconforme, Esteves González solicitó reconsideración, bajo el fundamento de que el cómputo de la hoja de liquidación de sentencia estaba incorrecto.

Así las cosas, el 26 de septiembre de 2023, el DCR dictó la determinación impugnada, mediante la cual denegó la solicitud de reconsideración de Esteves González. En la *Respuesta de Reconsideración al Miembro de la Población Correccional*, el DCR expresó lo siguiente:

> Al examinar la totalidad del expediente administrativo concluimos confirmar y modificar la respuesta recibida por parte de la Sra. Nahiomy Gilbes Maldonado, Supervisora Oficina de Récord Criminal, Institución Correccional Bayamón 501.
>
> Sr. Esteves, luego de verificar el expediente criminal vemos que le fue aplicada a su sentencia la Ley 85-2022 y tuvo unos cambios significativos. El propósito de la Ley 85 es que todos los miembros de la población correccional tengan el derecho de ser presentados a la Junta de Libertad Bajo Palabra en un tiempo prudente. Su mínimo de sentencia estaba para el 2 de noviembre de 2051 y luego de haberse aplicado la Ley 85 se encuentra para 7 de septiembre de 2032. Su máximo de sentencia cambio al 7 de julio de 2148 anteriormente estaba para el 29 de octubre de 2148. De tener alguna duda puede solicitar entrevista al Área de Récord Criminal.

Aun en desacuerdo, Esteves González acude ante nos y alega que el DCR incurrió en el siguiente error:

> Erró la administración de corrección por conducto de sus funcionarios al emitir unos cómputos erróneos.

## II.

En atención al recurso y al planteamiento esbozado por el recurrente, Esteves González, este foro apelativo le ordenó a la parte

recurrida, el Departamento de Corrección y Rehabilitación por conducto de la Oficina del Procurador General, presentar su alegato.

El 27 de noviembre de 2023, la parte recurrida compareció mediante *Escrito en Cumplimiento de Resolución*, en la cual notificó que el DCR enmendó la Carta Circular Núm. 2023-02 y emitió unas nuevas instrucciones sobre el procedimiento a seguir para el cumplimiento de la Ley Núm. 85-2022. Así las cosas, expuso lo siguiente:

> [D]ebido a que el DCR varió su interpretación de la Ley Núm. 85-2022 a través de la Carta Circular Núm. 2023-02, de 11 de octubre de 2023, **entendemos que lo correcto en derecho es que este Insigne Foro devuelva el caso a la agencia para que proceda de conformidad a sus nuevas instrucciones.** (Énfasis nuestro).

En su comparecencia, el DCR reconoce que la enmienda de la Carta Circular Núm. 2023-02 implementa nuevas directrices sobre la aplicación de la Ley Núm. 85-2022. Por tanto, podemos colegir que su posición sobre este asunto es compatible con el remedio solicitado por el recurrente. Analizadas ambas posturas, este Tribunal entiende que el proceder sugerido por la parte recurrida constituye el desenlace adecuado y correcto.

Por consiguiente, revocamos el pronunciamiento del DCR aquí impugnado y devolvemos el caso a la agencia para que reevalúe el expediente de Esteves González a la luz de la nueva Carta Circular Núm. 2023-02 del 11 de octubre de 2023 y emita una nueva *Hoja de Control sobre Liquidación de Sentencias*.

III.

Por los fundamentos antes expuestos, se revoca el dictamen recurrido. Se devuelve el caso al DCR para que continúen los procedimientos de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones